Herman Taub Esq. Town Attorney, Putnam Valley
You have asked whether absentee voting is permitted in a referendum for final approval of a sewer district and if not, whether the town has the power by local law to authorize absentee voting.
The State Constitution provides that "the legislature may, by general law" authorize absentee voting (Art II, § 2).
A resolution of a town board under Article 12-A of the Town Law to establish or extend a sewer district is subject "to a permissive referendum in the manner provided in article seven of the town law" (Town Law, § 209-e[3]). If a referendum is required, the proposal to establish or extend the district must be approved by vote of a majority of the owners of taxable real property located in the proposed district or proposed extended district (ibid.). Where a provision of the Town Law states that a resolution of the town board is subject to permissive referendum, the resolution is subject to a referendum on petition in accordance with the requirements of section 91 of the Town Law (id., § 90). If within 30 days of the adoption of the resolution subject to permissive referendum, a petition is filed conforming to the requirements of law, the resolution will be subject to approval by vote of qualified electors of the town (id., § 91). The date that the petition is filed determines whether the proposition will be submitted at a biennial or special town election (ibid.). The biennial town election is conducted in November in odd numbered years at the time of the general election (id., § 80). Therefore, the biennial town election is in fact a "general" election.*
The provisions of the New York State Election Law govern any ballot question submitted to the voters of any county, city, town or village at the time of a general election (Election Law, § 1-102). Further, section 8-400 of the Election Law, which authorizes absentee voting, applies to general elections. Thus, in accordance with Article II, section 2 of the State Constitution, the Legislature has required that absentee voting be permitted at general elections, including a general election conducted by a town where the question of whether a sewer district should be established or extended appears in the ballot. Thus, it is clear that absentee voting must be permitted with respect to a proposition to establish or extend the sewer district that is submitted at the general town election.
In a town of the first class, the town board by resolution may require personal registration of voters for special town elections (Town Law, § 84[2]). If such a resolution is adopted:
 "At the first and subsequent meetings of the board of registration for each voting place designated by the town board for such special town election, such board of registration shall place on the register described in subdivision four hereof the names of all such voters so qualified who personally appear, and those military voters and such other voters who are absent by reason of confining illness or physical disability or whose duties, occupation or business required them to be outside the state of New York, having the qualifications of voters prescribed in this section and who have made application for absentee ballots as certified to them by the town clerk." (Id., § 84[5].)**
If such a resolution is not adopted, no personal registration would be required with respect to special town elections, and it would only be necessary that a voter meet the necessary qualifications of an "elector". With respect to such special elections, it is our opinion that absentee voting may not be permitted, since the Legislature has not, in accordance with the Constitution, provided the necessary authorization. Further, the Election Law does not apply to local ballot questions submitted at a special election (§ 1-102).
We note that section 83 of the Town Law provides that special elections "shall be conducted, the votes canvassed, and the results certified and returned so far as practicable in the manner prescribed" by the Election Law. We do not view this as an incorporation of the provisions of section 8-400 of the Election Law, which authorizes absentee voting. First, since the Constitution requires that the Legislature authorize absentee voting, in our view this general statement in section 83 would not be sufficient to indicate legislative intent that absentee voting be permitted. We believe that Article II, § 2 of the Constitution providing that "the legislature may by general law" authorize absentee voting, requires a specific and clear authorization, not an indirect and vague reference to the provisions of the Election Law. It appears from the above quoted language of section 83 that the legislative intent was to incorporate only provisions of the Election Law governing the procedure for actually holding elections, such as conduct at the polling place, the tallying of votes, etc. Further, while current section 8-400 of the Election Law, which authorizes absentee voting, is included in Article 8, entitled "Conduct of Elections", this was not always the case. The above quoted language of section 83 was derived from the Town Law of 1932, § 83 (ch 634). At that time, the Election Law of 1922 (L 1922, ch 588), as amended, authorized absentee voting (§ 117), but this authorization was not included in Article 8 of such law, providing for the "Conduct Of Elections". Article 8 included matters relating to the actual holding of elections, including location of boxes and ballots, time allowed employees to vote, assistance to voters, challenges, manner of voting, casting of ballots, filing of objections, verifying the number of ballots, rules for counting votes, etc. From this, it would appear that the Legislature, in providing that special town elections shall be conducted in accordance with the Election Law, did not intend to incorporate those provisions authorizing absentee voting. There is no indication from the legislative history of the Election Law that the recodification in 1976, which placed the authorization for absentee voting in Article 8, entitled "Conduct of Elections", was intended to affect other provisions of law making reference to the Election Law (Bill jacket, L 1976, ch 233).
Further, if the statement in section 83 of the Town Law that special elections "shall be conducted in the manner prescribed" by the Election Law requires that absentee voting be permitted, there would have been no need for the specific language in section 84(5) requiring absentee voting at special elections in towns of the first class that have required personal registration. We believe that this is further proof that the Legislature viewed the Constitution to require a specific authorization of absentee voting.
We note that under the conclusions reached in this opinion, the question whether absentee voting is permitted will depend upon the date a petition for referendum is filed and on whether a town board of a town of the first class has required personal registration of voters with respect to special elections. These conclusions apply not only to a proposition to establish a sewer district but to other propositions submitted at a special election (see Town Law, § 81). While it may appear incongruous that absentee voting would be available on a proposition presented at a general election and not available where the same proposition is presented at a special election at which personal registration is not required, that is a situation that will require a legislative remedy.
We conclude that absentee voting must be permitted when a proposition for the establishment or extension of a sewer district is presented to the voters at the general town election. Absentee voting must be permitted at a special election where the town board of a town of the first class, by resolution has required personal registration.
* It is conceivable that the timing of the petition would permit the submission of the proposition at the time of the general election in an even-numbered year (id., § 91). While such an election would not be a biennial town election (id., § 80), it would be a general election under the Election Law (§ 1-102).
** Thus it appears that where a town of the first class has required personal registration absentee voting is permitted at a special election.